IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT GAY,

          Plaintiff,          Case No. 3:11-cv-026

vs.                                          Judge Thomas M. Rose

MICHAEL J. ASTRUE,               Magistrate Judge Michael R. Merz
**Commissioner of Social Security,**

          **Defendant**.

---

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY; REVERSING THE COMMISSIONER'S DECISION THAT GAY IS NOT ENTITLED TO SOCIAL SECURITY DISABILITY BENEFITS; REMANDING THE MATTER TO THE COMMISSIONER FOR THE PAYMENT OF BENEFITS AND TERMINATING THIS CASE**

---

        Plaintiff Robert Gay ("Gay") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On October 24, 2011, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #13) recommending that the Commissioner's Decision be reversed and that the matter be remanded to the Commissioner for the payment of benefits. The Commissioner subsequently filed Objections (doc. #14) and Gay responded to the Commissioner's Objections (doc. #15). This matter is, therefore, ripe for decision.

        Gay filed applications for disability insurance benefits ("SSD") and supplemental

1

security benefits ("SSI") on July 6, 2006, alleging disability from May 20, 2006, due to seizures. The Commissioner denied Gay's applications initially and on reconsideration. Following a hearing, Administrative Law Judge ("ALJ") Thomas McNichols determined that Gay was not disabled and ALJ McNichols' decision became the Commissioner's final decision. Gay then appealed to this Court pursuant to pursuant to 42 U.S.C. § 405(g)

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #113) and in the Commissioner's Objections (doc. #14) and Gay's Response (doc. #15), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, reverses the Commissioner's decision that Gay is not disabled and remands this matter to the Commissioner for the payment of benefits consistent with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*,

2

*supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is not supported by substantial evidence. WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #14) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #13) in its entirety. The Commissioner's decision that Gay was not disabled is reversed and this matter is remanded to the Commissioner for the payment of benefits consistent with the Social Security Act. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this 16th day of November, 2011.

.	**s/Thomas M. Rose**
	_____
	JUDGE THOMAS M. ROSE
	UNITED STATES DISTRICT COURT